IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ERNESTINE ELLIOTT**, as Personal Representative of **the Estate of KATRINA COOK,** <br><br> Plaintiff, <br><br> v. <br><br> **NISSAN NORTH AMERICA, INC**., <br><br> Defendant. | CIVIL ACTION FILE NO. 1:16-cv-02400-LMM |

**PLAINTIFF'S CONSOLIDATED MOTION TO ALTER, AMEND AND VACATE ORDER OF DISMISSAL AND FOR LEAVE TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT, *NUNC PRO TUNC*, AND MEMORANDUM OF LAW**

**COMES NOW** Plaintiff, **ERNESTINE ELLIOTT**, as Personal Representative of **the Estate of KATRINA COOK,** (hereinafter also referred to as "**Ms. Elliot**" or "**Plaintiff**"), by and through undersigned counsel, and, pursuant to Fed.R.Civ.P. 59(e), and L.R. ND Ga. 7.2 E. moves for an order reconsidering and vacating the Court's Order of Dismissal with prejudice ("Order of Dismissal") [Dkt. No. 20], entered on May 16th, 2017, to prevent manifest injustice (permission for leave to oppose Defendant's Motion for Summary Judgment [Dkt. No. 19]), and to correct a clear

error of law (summary judgment by default) on the grounds set forth in her Memorandum in Support filed herewith. Plaintiff's failure to respond timely to Defendant's Motion for Summary Judgment was due to inadvertence and miscalculation as the undersigned attorney was involved in a trial in the Nineteenth Judicial Circuit of Florida during the period of May 8 through May 12, 2017.

Dated this 18th day of May 2017.

>Respectfully submitted,
>
>*Isl LeRonnie M Mason, Esquire*
>LeRonnie M. Mason, Esquire
>Attorney for Plaintiff admitted Pro Hac Vice
>Willie E. Gary, Esquire
>Attorney for Plaintiff admitted Pro Hac Vice GARY, WILLIAMS, PARENTI, WATSON & GARY, P.L.L.C.
>221 SE Osceola Street
>Stuart, Florida 34994
>(772) 283-8360
>(772) 220-3343
>lmm@williegary.com
>mar@williegary.com
>weg@williegary.com
>pmm@williegary.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to L R 7.1(D) of the Northern District of Georgia, I hereby certify that this document was prepared in Century Schoolbook, font 13

point, pursuant to LR NDGa 5.l(C).

This 18th day of May 2017

> *lsl LeRonnie M Mason, Esquire*
> LeRonnie M. Mason, Esquire

# CERTIFICATE OF SERVICE

I hereby certify I have this day served a copy of the foregoing **PLAINTIFF'S CONSOLIDATED MOTION TO ALTER, AMEND AND VACATE ORDER OF DISMISSAL AND FOR LEAVE TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT, *NUNC PRO TUNC*, AND MEMORANDUM OF LAW** to be electronically filed with the Clerk of the Court through the ECF system, which will send notification of such filing to all counsel of record.

C. Bradford Marsh
SWIFT, CURRIE, MCGHEE & HIERS, LLP
Ashley Webber Broach
1355 Peachtree St. N.E., Suite 300
Atlanta, Georgia 30309
Tel: (404) 874-8800
Fax: (404) 888-6199
brad.marsh@swiftcurrie.com
ashley.broach@swiftcurrie.com
*Attorneys for Nissan North America, Inc*

> *lsl LeRonnie M Mason, Esquire*
> LeRonnie M. Mason, Esquire

This 18th day of May 2017.

**MEMORANDUM OF LAW**

Plaintiff acknowledges that LR 7.1(B), NDGa states: "Failure to file a response shall indicate that there is no opposition to the motion." While District courts may promulgate their own local rules those rules must comport with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83(a)(1).

Plaintiffs submits and argues that the district court improperly relied on the local rule sanctioning summary judgment by default. Thus, under the Fed. R.Civ.P 56 (c), a motion for summary judgment may not be granted based on a failure to file an opposition to the motion, regardless of any local rule that suggests the contrary.

Summary judgment is governed by Rule 56. Before it was amended in 2010, Rule 56 provided that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2) (2009). It specified that "an opposing party may not rely merely on allegations or denials in its own pleading" when a motion for summary judgment is "properly made and supported," but "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id. 56(e)(2)

(2009).

In 2010, amendments to the Rule were adopted. Under a new section entitled "Failing to Properly Support or Address a Fact," the Rule now provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the be genuinely disputed. Once the court has determined the set of facts – both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply – it must determine the legal consequences of these facts and permissible inferences from them.

Attention to the Advisory Committee Notes is compelled. See generally United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) (describing the Advisory Committee Notes as "a reliable source of insight" on the meaning of a rule).

In including the new subsection, the Committee stated, the revised Rule 56 was intended to "reflect[] the 'deemed admitted' provisions in many local rules." Fed. R. Civ. P. 56 Advisory Committee Notes, supra. At the time of the Committee's consideration, several federal districts specified that an opposing party's failure to respond to the motion will be deemed an admission of the facts as presented by the moving party. See, e.g., D. Haw. R. 56.1(g) (1997) ("For purposes of a motion for summary judgment,

material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party."). As the text of the 2010 rule states, the opposing party's failure to respond to a fact asserted in the motion permits a court to "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

If there is a failure to respond, the Rule "authorizes the court to consider a fact as undisputed." *Id.* Lest this instruction be misconstrued as condoning summary judgment by default, the Advisory Committee Notes continue:

> Considering some facts undisputed does not of itself allow summary judgment. If there is a proper response or reply as to some facts, the court cannot grant summary judgment without determining whether those facts can respond a complete abandonment of its opposition to summary judgment. This is the practice that the 2010 amendments to Rule 56 sought to eliminate. Because this local rule conflicts with the Federal Rule, it cannot provide a valid basis for granting a motion for summary judgment.