**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERNESTINE ELLIOTT, as Personal | * | |
| Representative of the Estate of | * | |
| KATRINA COOK, | * | CIVIL ACTION FILE NO: |
| | * | |
| Plaintiff, | * | 1:16-cv-02400-LMM |
| | * | |
| vs. | * | |
| | * | |
| | * | |
| NISSAN NORTH AMERICA, INC., | * | |
| | * | |
| Defendant, | * | |
| | * | |

## PLAINTIFF'S RESPONSE TO DEFENDANTN NISSAN NORTHAMERICA'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Ernestine Elliott, as Personal Representative of the Estate of Katrina

Cook, hereby responds to Defendant's Motion for Summary Judgment.

On a Motion for Summary Judgment the Court "views the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to

the nonmovants." _Assoc. Servs., Inc. v. Smith_, 249 Ga. App. 639 (2001)

A party may move for summary judgment, identifying each claim or defense

— or the part of each claim or defense — on which summary judgment is sought.

The court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law. The court should state on the record the reasons for granting or denying the motion.

## PLAINTIFF'S STATEMENT OF FACTS

1. Plaintiff, Ernestine Elliott is the duly appointed Personal Representative for the Estate of Katrina Cook.

2. Defendant Nissan North America (hereinafter NNA) is a foreign corporation with headquarters in the State of Tennessee and manufacturing plants in Canton, Ohio and Smyrna Georgia.

3. Defendant NNA was doing business in the State of Georgia through its agents, contractors, employees, partners and/or subsidiaries, and was engaged in the design, testing manufacture, distribution, marketing and sale of the subject the decedent Katrina Cook's vehicle.

4. On or about March 4, 2014, Katrina Cook was operating her vehicle, described as a 2005 Infiniti G35 (VIN # JNKCV51E55M21963) on C.H. James Parkway in Austell, Cobb County, Georgia.

5. Katrina Cook's vehicle was struck in the rear by two vehicles, one being a freightliner.

6. The vehicle driven by Ms. Cook caught fire, trapping Ms. Cook inside, where she subsequently expired.

7.      At the time of the occurrence, the subject vehicle was in a dangerous and defective condition.   The condition existed from the time of the vehicles design and manufacture by Defendant NNA and remained unchanged from such time up until Ms. Cook's bodily injury and death.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Plaintiff's claims for strict liability based on negligent design and defect should survive inapplicable statute of repose**

O.C.G.A. §51-1-11(b)(1) establishes Georgia's rule regarding a manufacturer's strict liability for an injury caused by one of its products:

> The manufacturer of any personal property sold as new
> property directly or through a dealer or any other person
> shall be liable in tort, irrespective of privity, to any
> natural person who may use, consume, or reasonably be
> affected by the property and who suffers injury to his
> person or property because the property when sold by the
> manufacturer was not **merchantable and reasonably**
> **suited to the use intended**, and its condition when sold
> is the proximate cause of the injury sustained.

A plaintiff can state a claim based on strict liability by showing that the product was not merchantable due to one of three types of product defects:

manufacturing defects, design defects, and marketing/packaging defects. In the case of *Jones v. Amazing Prods., Inc*., *231 F. Supp. 2d 1228 (N.D. Ga. 2002),* the court stated that a manufacturing defect is a defect that is measurable against a built-in objective standard or norm of proper manufacture.  In manufacturing defect cases, it is assumed that the design of the product is safe and had the product been manufactured in accordance with the design it would have been safe for consumer use.

The gist of this claim is that NNA manufactured a product that was unreasonably dangerous due to a manufacturer's defect.  However, in Georgia, unlike most other states, a product does not have to be unreasonably dangerous before imposition of strict liability.  Instead, the focus is on consumer expectations of safety and danger.  In strict liability manufacturing defect cases, manufacturers or its agents are not allowed to escape liability merely by showing that their quality control procedures were reasonable and appropriate.

Defendant, NNA in the instant case have argued that NNA should be shielded from any strict liability based on the Statute of Repose. While Plaintiff would agree with the general principle of the statute which protects the manufacturer from liability if the product is more than ten years old, there are some exceptions to the statute of repose.  First, the statute of repose does not apply to claims against products "which cause a disease or birth defect" or claims that the

manufacturer's conduct was willful, reckless, or with wanton disregard for life or property. Cleary this is not a case where the first exception would be valid; however the exception which deals with the manufacturer's conduct being willful, reckless or with wanton disregard for life or property is applicable. The statute of repose also does not apply to claims based on the manufacturer's duty to warn of dangers relating to the use of a product in manufacturers once that danger becomes known to the manufacturer. *Chrysler Corp v. Batten*, 264 Ga. 723, 452 S.E. 2d 94 *(1994)*. In this regard, the statute of repose states that "nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer. O.C.G.A. §51-1-11(c). The *Chrysler* case states that the failure to warn cases are:

> Outside the ambit of the statute of repose, thereby precluding use of the statute to relieve manufacturers of their liability for failing to warn of danger arising from the use of a product whenever that danger becomes known to the manufacturers.

There is no requirement that the manufacturer have actual knowledge of a particular danger for it to be liable for its failure to warn. Constructive knowledge or knowledge that the manufacturer reasonably should know, gives rise to the duty to warn.

In the instant case, it is very clear that Defendant NNA's willfull, reckless and wanton disregard for life or property in the way that Ms. Cook's vehicle was manufactured and designed was the reason for her death. Through multiple testing, NNA should reasonably have discovered the design and/or manufacturing flaws which could be detrimental to the expected safety of its consumers, possibly resulting in death. The manufactured who acts with such disregard is not afforded the protection of the statute of repose, but instead should be held strictly liable for the resulting bodily harm and death created by such unreasonably dangerous product.

**Plaintiff's Breach of Warranty should survive Defendants claim for lack of privity**

There was an implied warranty of merchantability which existed between Defendant NNA and Katrina Cook. Such a warranty exists unless such a warranty is expressly or from the nature of the transaction, excepted. *Wilson v. Eargle, 105 S.E.2d 474 (Ga. App. 1958).* A waiver of the implied warranty must be clear and certain, in writing, and cannot be inconspicuous. *BCS Financial Corp. v. Sorbo, 444 S.E. ED 85 (Ga. App. 1994).* There existed an implied warranty between Katrina Cook and NNA created upon the initial sale of said vehicle. Said warranty was Defendant NNA's assurance that the vehicle was safe and free of any defects in which Defendant NNA reasonably should have known.

<u>CONCLUSION</u>

The statute of repose and the breach of warranty claims are irrational bar to recovery. Plaintiff has valid claims based on the willful, reckless and wanton disregard for life and safety exhibited by Defendant in its faulty manufacturing and design. Defendants have failed to show that they are entitled to the relief sought as a matter of law. At best, they have created issues of fact. Their motion should be denied.

Respectfully Submitted,

<u>/s/ *LeRonnie M. Mason, Esq.*</u>
LERONNIE M. MASON, ESQ.
FLORIDA BAR 0800015
Admitted Pro Hac Vice
WILLIE E. GARY, ESQ.,
Admitted Pro Hac Vice Motion
**GARY, WILLIAMS, PARENTI,**
   **WATSON & GARY, P. L.L.C.**
Waterside Professional Building
221 S.E. Osceola Street
Stuart, Florida 34994
Telephone: (772) 283-8260
Facsimile: (772) 287-8494
Email: weg@williegary.com
         lmm@williegary.com
         cac@williegary.com
         mar@williegary.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, electronically filed the foregoing

Plaintiff's Initial Disclosures with the Clerk of the Court using the ECF system for

service on Ashley W. Broach, Esquire, C. Bradford Marsh, Esquire, Allison Ng,

Esquire, Swift, Currie, McGhee & Hiers, LLP, 1355 Peachtree St. N.E., Suite 300,

Atlanta, Georgia 30309 (404) 874-8800; (404) 888-6199 Fax,

brad.march@swiftcurrie.com;Ashley.broach@swiftcurrie.com;

Allison.ng@seiftcurrie.com, this 5th day of January, 2017.


## CERTIICATE OF COMPLIANCE

Pursuant to L R 7.1(D) of the Northern District of Georgia, I hereby certify
that this document was prepared in Times New roman, font 14 pint, pursuant to LR
5.1(C).

This 27th day of May, 2017

/s/ LeRonnie M. Mason, Esquire
LeRonnie M. Mason, Esquire
Attorney for Plaintiff admitted Pro Hac Vice