IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERNESTINE ELLIOTT, *as personal representative of the Estate of Katrina Cook*,

    Plaintiff,

v.

NISSAN NORTH AMERICA,

    Defendant.

CIVIL ACTION NO.
1:16-CV-2400-LMM

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Reconsideration [22]. After due consideration, the Court enters the following Order:

Defendant filed its Motion for Summary Judgment on April 20, 2017. Dkt. No. [19]. Plaintiff failed to respond to that Motion. As such, on May 16, 2016, the Court granted Defendant's Motion as unopposed pursuant to Local Rule 7.1(B) which indicates that a failure "to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. On May 18, 2017, Plaintiff filed its Motion for Reconsideration, arguing that the Court should not have granted Defendant's Motion without looking at the merits of Defendant's Motion. However, even in filing that Motion, Plaintiff failed to actually substantively respond to Defendant's Motion.

On May 27, 2017, eleven days after Plaintiff's response was due, Plaintiff finally filed her late response to Defendant's Motion. Dkt. No. [23]. Plaintiff did not, however, ask the Court's permission to file a late response nor did Plaintiff explain why the Court should consider such a late response. Regardless, the Court will, first, reconsider its Order, and second, consider Plaintiff's late-filed response. Even with the response, Plaintiff's case must be dismissed for the reasons discussed below.

## I. BACKGROUND[1]

On March 10, 2014, Katrina Cook died in an automobile accident in Austell, Georgia. Dkt. No. [19-4] ¶ 1. Ms. Cook was driving a 2005 Infiniti G35. Id. Defendant admits that it marketed, distributed, and sold the subject vehicle, but at the wholesale level and therefore not directly to Ms. Cook. Id. ¶ 2. Plaintiff was appointed Ms. Cook's personal representative on September 26, 2014. Id. ¶ 4. She then brought an action against Defendant in Georgia state court on May 24, 2016. Id. ¶ 3. Defendant then removed to this Court. Dkt. No. [1].

Plaintiff's claims are for: (1) strict liability; (2) negligent design and failure to warn; and (3) breach of implied warranties. Plaintiff seeks damages for: (1) loss of net accumulations; and (2) pain and suffering.

---

[1] Facts in this section are construed in a light most favorable to Plaintiff as the non-moving party. However, the Court notes that these facts are taken from Defendant's statement of undisputed facts which remain completely undisputed as Plaintiff has failed to file a response to Defendant's statement of undisputed facts. See LR 56.1(B)(1)-(2), NDGa (requiring a separately filed response to opposing party's statement of undisputed facts).

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

A factual dispute is genuine if the evidence would allow a reasonable jury to find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it is "a legal element of the claim under the applicable substantive law which might affect the outcome of the case." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the Court, by reference to materials in the record, that there is no genuine dispute as to any material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party's burden is discharged merely by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support [an essential element of] the nonmoving party's case." Celotex Corp., 477 U.S. at 325. In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).

Once the moving party has adequately supported its motion, the non-movant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no "genuine [dispute] for trial" when the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Id. (citations omitted). All reasonable doubts, however, are resolved in the favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

### III. DISCUSSION

Defendant makes several arguments as to why each of Plaintiff's claims must be dismissed. First, Defendant argues that Georgia's statute of repose bars Plaintiff's strict liability and negligent design and/or manufacturing claims. The statute of repose provides that, no action shall commence against a manufacturer in negligence or strict liability "with respect to an injury ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." O.C.G.A. § 51-1-11(b)(2).

Defendant has argued, and Plaintiff does not dispute that the vehicle was first sold on September 3, 2005. The case, however, was not filed until May 24, 2016, outside the statute of repose.

There are two exceptions to this bar. O.C.G.A. § 51-11-1(c). They are: (1) negligent manufacturing that causes a disease or birth defect; and (2) injury

4

arising from conduct "which manifests a willful, reckless, or wanton disregard for life or property." Id.

Both parties agree that the first exception does not apply to this case. However, Plaintiff briefly argues, without providing any supporting evidence, that the second exception applies. That is, Plaintiff's only argument regarding this exception is a statement: "it is very clear that Defendant NNA's willfull [sic], reckless and wanton disregard . . . was the reason for [Ms. Cook's] death." Dkt. No. [23] at 6. While Plaintiff makes this argument, she fails to provide or point to *any* facts that support her claim. Because she carries the burden of proof at this stage of the litigation, Plaintiff's claims for strict liability and negligent design/manufacture are **DISMISSED**.

As to negligent failure to warn, Defendant argues that, because it was not the manufacturer, it had no duty to warn Plaintiff that the vehicle was dangerous or had a defect. Plaintiff does not rebut Defendant's contention that only manufacturers have a duty to warn. Plaintiff appears to agree because she only cites cases that deal with a manufacturer's duty to warn. See Chrysler Corp. v. Batten, 450 S.E.2d 208, 211 (Ga. 1994) ("In failure to warn cases, the duty to warn arises whenever the *manufacturer* knows or reasonably should know of the danger arising from the use of its product.") (emphasis added).

Oddly, however, Plaintiff has failed to present any evidence or argument to rebut Defendant's contention that it is *not* the manufacturer. While Plaintiff continually refers to Defendant as the manufacturer, simply calling Defendant

5

the manufacturer is insufficient. By both failing to: (1) refute Defendant's argument that only a manufacturer can be liable under failure to warn; and (2) providing evidence that Defendant *is* the manufacturer, Plaintiff has failed to rebut Defendant's argument.

Additionally, even if Plaintiff had rebutted Defendant's argument, Plaintiff has not provided any evidence that Defendant's alleged failure to warn was the proximate cause of Ms. Cook's injuries. See Ga. Products Liability Law § 8:1 (4th ed.) (citing Porter v. Eli Lilly & Co., 291 F. App'x 963, 964 (11th Cir. 2008) (requiring that failure to warn be the proximate cause of the plaintiff's injuries)). And while Plaintiff argues that Defendant knew or should have known the subject vehicle was unsafe, Plaintiff fails to actually provide *any* such evidence. See Chrysler, 450 S.E.2d at 211 ("In failure to warn cases, the duty to warn arises whenever the manufacturer knows or reasonably should know of the danger."). Simply stating that Defendant knew or should have known is insufficient. Id. at 213 n.2 (discussing the need to provide evidence of the manufacturer's actual or constructive knowledge). For that reason, Plaintiff's negligent failure to warn claim is **DISMISSED**.

Lastly, Defendant argues that Plaintiff's breach of implied warranties claims must be dismissed for lack of privity. Under Georgia law, "if a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on implied or express warranty, if any, arising out of the prior sale

6

by the defendant to the original purchaser." Lamb v. Ga.-Pac. Corp., 392, S.E.2d 307, 309 (Ga. Ct. App. 1990).

Defendant has argued that it was the wholesaler and, therefore, did not sell the subject vehicle directly to Plaintiff. Plaintiff fails to provide any evidence to the contrary. Instead, Plaintiff merely asserts, without any supporting facts, that the implied warranties attached at "initial sale." Dkt. No. [23] at 6. However, Plaintiff even fails to specify whether this "initial sale" was between Ms. Cook and Defendant. Additionally, Plaintiff has failed to cite any possible exceptions to this general rule. As such, Plaintiff's claims for breach of implied warranties are **DISMISSED**.[2]

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Plaintiff's Motion for Reconsideration [22]. The Court's previous Order on Defendant's Motion for Summary Judgment is **VACATED** [20]. However, based on this Order, Defendant's Motion for Summary Judgment is **GRANTED** [19] and Plaintiff's claims remain dismissed. The Clerk is instructed to **CLOSE** this case.

---

[2] While there are no remaining claims for which Plaintiff may seek damages, the Court notes that Defendant correctly argued that the statute of limitations for Plaintiff's "loss of accumulation" damages has expired. That is, the statute of limitations for wrongful death is two years beginning from the date of the decedent's death. O.C.G.A. § 9-3-33; Miles v. Ashland Chem. Co, 410 S.E.2d 290, 291 (Ga. 1991) ("[A]n action for wrongful death 'accrues' to the heirs at death."). Plaintiff failed to bring this cause of action in time such that her request for loss of accumulation damages, a type of wrongful death damages, must be **DISMISSED**.

**IT IS SO ORDERED** this 30th day of May, 2017

*[signature]*
**Leigh Martin May
United States District Judge**